IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-CR-00065-M-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| BRITTANY AYANA NICOLE BOYKIN, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on Defendant's motion for a "sentence reduction." DE 42 at 1; *see also* DE 48 at 1 (clarifying in a Memorandum of Law that Defendant seeks compassionate relief). The court finds that Defendant has not demonstrated extraordinary and compelling reasons for early release. Accordingly, Defendant's motion is denied.

I. **Abbreviated Factual and Procedural History**

Defendant was charged in an Indictment with knowingly (1) possessing a firearm as a felon, (2) possessing methamphetamine and marijuana with the intent to distribute, and (3) possessing a firearm in furtherance of drug trafficking. DE 1 at 1–2. On November 30, 2019, after failing to stop at a checkpoint, deputies with the Sampson County Sheriff's Office conducted a traffic stop on a vehicle occupied by Defendant. DE 31 at 3. After detecting the odor of marijuana, the deputies conducted a search of the vehicle. *Id.* Deputies uncovered a 9mm handgun on Defendant's person as well as 12.9 grams of marijuana, 2.94 grams of methamphetamine, and two cell phones. *Id.* at 3–4. A properly executed search warrant on the cell phones revealed text messages between Defendant and unknown recipients discussing the trafficking of illegal drugs. *Id.* at 4.

On October 8, 2020, Defendant pleaded guilty pursuant to a plea agreement to Counts Two and Three of the Indictment. DE 23–24. On January 6, 2021, this court sentenced her to imprisonment terms of sixty months on Count One and ten months on Count Two, to be served consecutively, as well as a five-year term of supervised release following her imprisonment. DE 36 at 3–4. She is scheduled to be released on July 3, 2025.

Defendant now moves for a reduction in her sentence, raising five considerations for this court:

(1) Defendant is at a higher risk of being exposed to and infected by monkeypox;

(2) Defendant has a younger sister with Crohn's disease who needs her support;

(3) Defendant's mother—who takes care of this sister—is becoming overwhelmed by that responsibility;

(4) Defendant is not being adequately rehabilitated in prison due to staff shortages and increased numbers of COVID-19 infections; and

(5) Defendant has suffered from physical and emotional harm from exposure to toxic mold and staff misconduct.

DE 42 at 1–3. Defendant requests that this court reduce her sentence "by at least 15 months" or transfer the remainder of her sentence to home confinement with permission to work. *Id.* at 3.

## II. Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come

2

from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate relief once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must also be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Relevant to this case are two such circumstances. The Guidelines counsel that extraordinary and compelling reasons exist (1) when the defendant is at an increased risk of harm or death because of an ongoing outbreak of an infectious disease; and (2) at the death or incapacitation of the defendant's minor child, or of the defendant's spouse, parent, or other immediate family member who would have no available caregiver other than the defendant. § 1B1.13(b)(1)(D), (3). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

3

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021). It is "significant when the same judge who sentenced the defendant rules on the compassionate release motion" because that judge is most familiar with that defendant and is best suited to assess whether a different sentence is now warranted. *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022) (cleaned up).

### III.   Analysis

#### A. Exhaustion

The court finds that Defendant has adequately exhausted her administrative remedies. On August 10, 2022, Defendant submitted a request to her warden for compassionate relief. DE 42 at 7. Defendant alleges that she received no response from the warden within 30 days, and on September 20, 2022, she filed the present motion with the court. DE 42 at 2. The United States does not contend to the contrary. *See* DE 53.

#### Extraordinary and Compelling Reasons

The court concludes that Defendant has failed to present any extraordinary and compelling reason for a reduced sentence. 18 U.S.C. § 3582(c)(1)(A). She proffers two reasons directly contemplated by the Guidelines, but she fails to demonstrate they support a reduction under the statute.

First, Defendant references her fear of contracting monkeypox. DE 42 at 2. While the Guidelines do consider "ongoing outbreak[s] of [an] infectious disease," nothing indicates there is

4

currently an outbreak (or the imminent threat of an outbreak) of monkeypox at the Federal Correctional Institute in Tallahassee, FL. *See* U.S.S.G. § 1B1.13(b)(1)(D). Defendant does not allege to the contrary. *See* DE 42. Instead, in support of her concern, Defendant has provided this court with a printout of a Frequently Asked Questions page from the Centers for Disease Control and Prevention describing, among other things, how monkeypox is spread and treated. DE 42 at 4–6. While the printout does advise that "prisons and jails have a higher risk for spread of monkeypox," a heightened risk does not necessarily mean that an outbreak is "imminent." *See* § 1B1.3(b)(1)(D)(i). And even if there were facts to suggest otherwise, Defendant has made no showing that "due to personal health risk factors," she, specifically, is at an increased risk of suffering severe harm or death. § 1B1.3(b)(1)(D)(ii). The court finds that Defendant's vague reference to monkeypox does not amounts to an extraordinary and compelling reason for a sentence reduction.

Second, Defendant points to her family circumstances. She relies primarily on her sister, who has been diagnosed with Crohn's disease, an inflammatory condition which can cause abdominal pain, diarrhea, fevers, and intestinal obstructions. DE 48 at 7. This condition, Defendant states, requires frequent doctor visits and intensive care. *Id.* At present, Defendant's sister is cared for by their mother. *Id.* Since the filing of the parties' briefs, the Guidelines have been amended to encompass sibling relationships. § 1B1.3(b)(3)(D) ("For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or *sibling* of the defendant.") (emphasis added). However, any qualified sibling must also be incapacitated and lacking any caregiver other than the defendant. *Id.* Here, Defendant admits that her sister is cared for by her mother, so she fails to meet the requirements of § 1B1.3(b)(3).

5

Defendant also argues that an early release would allow her to assist her mother, who needs financial and physical assistance as she attempts to juggle day-to-day life with her responsibilities to Defendant's sister. DE 48 at 7–8. Again, while a mother is a qualified relationship under § 1B1.3(b)(3)(C), the circumstances recounted by Defendant concerning her mother do not fall under the Guidelines, because Defendant's mother is not incapacitated. Instead, Defendant describes her mother's ability to drive her daughter to doctor's appointments and hold a job of her own. *Id.* Neither showing is consistent with medical incapacitation.

Finally, Defendant raises several other concerns not contemplated by the Guidelines, none of which this court finds to be extraordinary and compelling. Defendant makes several references to toxic mold, staff misconduct, and "constant lockdowns" caused by COVID-19 infections and staff shortages. DE 42 at 1. While it may be true, as Defendant says, that these circumstances inhibit her ability to engage with the rehabilitation process, *id.*, this generalized grievance would be shared by the prison population as a whole. *See United States v. Bryant*, No. 3:04-CR-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024) (finding that because defendant's argument about halfway house overcrowding was a circumstance he shared with all federal inmates, it was not an individualized circumstance approaching an extraordinary and compelling rationale). Defendant presents no facts suggesting she has been uniquely affected by these circumstances or that any effect she has suffered is so severe that it would rise to the level of an extraordinary and compelling circumstance. In fact, Defendant has proffered three certificates showing her successful participation in adult education and rehabilitation courses at the Federal Correctional Institute. DE 42 at 11–13. The court applauds these efforts but simultaneously recognizes that they reveal no serious obstacles to Defendant's progression and rehabilitation. In sum, Defendant has failed to identify extraordinary or compelling reasons warranting a reduction in her sentence.

18 U.S.C. § 3582(c)(1)(A).[1]

B. Section 3553(a)

Defendant failed to present extraordinary and compelling reasons for a sentence reduction, so she is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if she had, the court would still decline to reduce her sentence after considering the factors set forth in §3553(a). *Id.* The court notes at the outset the significance of it having previously considered the § 3553(a) factors at Defendant's sentencing hearing. *See Kibble*, 992 F.3d at 331–32. It is familiar with Defendant's present charges and finds that Defendant's original sentence remains sufficient but not greater than necessary to comply with the goals of sentencing. The court applauds Defendant's desire to further engage with rehabilitation, but the passage of several years does not diminish the seriousness of the offense or the need to promote respect for the law, provide just punishment, and afford adequate specific and general deterrence. 18 U.S.C. § 3553(a)(1)–(2). The imposed sentence reflects the horribly destructive nature of methamphetamine and the fact that a firearm was possessed in furtherance of drug trafficking. *See id.* The court further notes that Defendant was charged while serving criminal justice sentences in four other cases. DE 31 at 7. The imposed sentence remains appropriate.

---

[1] Although the court has analyzed each consideration individually, it has also considered whether, in combination, Defendant's arguments constitute an extraordinary or compelling reason for a sentence reduction. The court finds that they do not.

7

For the foregoing reasons, Defendant's motion for a "sentence reduction" is DENIED.

SO ORDERED this 4th day of September, 2024.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE